IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:26cv536-MHT |
| | ) | (WO) |
| FORD MOTOR COMPANY and | ) | |
| STIVERS FORD LINCOLN CAR | ) | |
| DEALERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

SUMMARY-DISMISSAL ORDER

This case is before the court for review of the latest complaint filed by pro se plaintiff Gregory Kelly, who has been declared a vexatious litigant by this court. *See Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, No. 2:24cv348-RAH, 2025 WL 1461271, at \*1 (M.D. Ala. May 21, 2025) (Huffaker, J.). Because of Kelly's repeated filing of frivolous and shotgun complaints, on December 15, 2025, the court entered the following order:

> "As a consequence of Gregory Kelly's vexatious filing of shotgun and frivolous pleadings, ..., in the event Gregory Kelly or anyone acting in

concert with him, ... files a shotgun or facially frivolous complaint in the future, after appropriate review, the Court will summarily dismiss the pleading and the action without prior notice."

*Kelly v. Alabama State Port Auth.*, No. 2:25cv825-RAH, 2025 WL 3633214, at *2 (M.D. Ala. Dec. 15, 2025) (Huffaker, J.). "A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

In the complaint, Kelly seeks to bring a class-action lawsuit against defendants Ford Motor Company and Stivers Ford Lincoln Car Dealership stemming from an alleged defect in the trunk wiring harness in certain Ford vehicles, which he contends harms the wiring and causes the backup camera to malfunction. He attempts to plead claims under Alabama law for breach of an implied warranty of merchantability, violation of the Alabama Deceptive

2

Trade Practices Act (Ala. Code §§ 8-19-1 to 8-19-15), fraudulent omission, unjust enrichment, and "elderly financial fraud." Complaint (Doc. 1) at 17. He alleges that he owned the subject Ford vehicle from 2015 to December 2019, when he gave the car to his grandson. He further states that, had he known of the defect at the time of purchase, he would not have purchased the vehicle or would have paid less for it. He seeks class certification, damages, restitution, an injunction to prevent the defendants from selling affected vehicles without notice of the defect, and various other forms of relief.

The court has conducted an appropriate review of the complaint and finds that the case is frivolous for several reasons.

First, because he is pro se, Kelly is not permitted to bring a class-action lawsuit. *See Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (interpreting 28 U.S.C. § 1654, "the general provision

3

permitting parties to proceed *pro se, ...* [to] provide a personal right that does not extend to the representation of the interests of others"); *Bass v. Benton*, 408 F. App'x 298, 299 (11th Cir. 2011) (holding that district court properly dismissed lawsuit because a pro se plaintiff cannot bring a class-action lawsuit).

Second, Kelly no longer owns the affected Ford vehicle, and there is no indication that he plans to buy one in the future, so he lacks standing to seek injunctive or declaratory relief. *See Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203–04 (11th Cir. 1991) ("[I]f, as here, the plaintiff seeks declaratory and injunctive relief, he must demonstrate that he is likely to suffer future injury; second, that he is likely to suffer such injury at the hands of the defendant; and third, that the relief the plaintiff seeks will likely prevent such injury from occurring.").

**4**

Third, based on the facts alleged in the complaint, the statutes of limitations on his claims have expired. *See Clark* at 641 n.2 ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."). As noted earlier, Kelly bought the vehicle in 2015, approximately 11 years before he filed the complaint in June 2026. The affected part of the car was repaired once while still under warranty, though Kelly says the repair was insufficient. Kelly gave the affected Ford to his grandson in 2019. The backup camera in the car began to fail in 2020.

The four-year statute of limitations on Kelly's cause of action for implied breach of the warranty of merchantability began to run when he purchased the car in 2015, so it expired in 2019. *See Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 115 (Ala. 2003) ("The applicable statute of limitations for a claim for breach of implied warranty is set forth in

5

§ 7-2-725, Ala. Code 1975, which provides that '[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.'"); Ala. Code § 7-2-725(2) ("A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made.").  Likewise, the six-year statute of limitations on Kelly's unjust enrichment claim began running when he purchased the car, so it expired in 2021.  *See Whitesell Corp. v. Screw Prods., Inc.*, No. 3:16cv929-HNJ, 2018 WL 2048377, at *5 n.4 (N.D. Ala. May 2, 2018) (Johnson, M.J.) (citing Ala. Code § 6-2-34(9)).  Next, the statute of limitations on Kelly's claim under the Alabama Deceptive Trade Practices Act has expired as well.  *See* Ala. Code § 8-19-14 ("No action may be brought under this chapter more than one year after the person bringing the action discovers or reasonably should have discovered the act

6

or practice which is the subject of the action, but in no event may any action be brought under this chapter more than four years from the date of the transaction giving rise to the cause of action unless the contract or warranty is for more than three years. If the contract or warranty is for more than three years, no action may be brought more than one year from the expiration date of the contract or warranty or more than one year after the person bringing the action discovered or reasonably should have discovered the act or practice which is the subject of the action, whichever occurs first."). Lastly, plaintiff's fraudulent omission and "elderly financial fraud"[*] claims are subject to a two-year statute of

---

[*] The court is unaware of any specific Alabama cause of action for elderly financial fraud. *See* Lombard v. Baker, No. 2:22cv328-ECM-JTA, 2023 WL 2974933, at *10 (M.D. Ala. Feb. 22, 2023) (Adams, M.J.), *report and recommendation adopted,* No. 2:22cv328-ECM, 2023 WL 2525509 (M.D. Ala. Mar. 15, 2023) (Marks, C.J.) (listing various Alabama elder abuse statutes and noting that they do not provide a civil penalty for financial exploitation of elders).

limitations, running from when the alleged fraud was or should have been discovered. *See* Ala. Code § 6-2-38(l); Ala. Code § 6-2-3. Because Kelly knew or should have known of the problem with the car at the latest in 2020, when the backup camera began failing, the statute of limitations has expired.

Therefore, the complaint and this case will be dismissed as frivolous pursuant to the above-quoted order.

**\*\*\***

Accordingly, it is ORDERED that the complaint (Doc. 1), and this case in its entirety, are summarily dismissed without prejudice.

This case is closed.

The plaintiff is advised that, within 21 days from the date of this order, he should pick up from the clerk of court's office the service materials he

8

provided for this case.  If he does not do so, the service materials may be discarded.

DONE, this the 9th day of July, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE